UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

10-80069-CR-ZLOCH/ROSENBAUM

THE UNITED STATES OF AMERICA, )
                              )
              PLAINTIFF,      )
                              )
       VS.                    )
                              )
GILBERTO JORDAN,              )        THIS VOLUME:
                              )        PAGES 1 - 33
              DEFENDANT.      )
_____)

        TRANSCRIPT OF PLEA COLLOQUY HAD BEFORE THE HONORABLE
WILLIAM J. ZLOCH, IN FORT LAUDERDALE, BROWARD COUNTY, FLORIDA,
ON WEDNESDAY, JULY 7, 2010, IN THE ABOVE-STYLED MATTER.

APPEARANCES:
FOR THE GOVERNMENT:   JANICE LECLAINCHE, A.U.S.A.
                      500 AUSTRALIAN AVE., SUITE 400
                      WEST PALM BEACH, FL  33401
                      561 820-8711, EXT. 3034

                      HILLARY DAVIDSON, A.U.S.A.

                      U. S. DEPARTMENT OF JUSTICE

                      10TH & CONSTITUTION AVENUE, NW,

                      SUITE 200

                      WASHINGTON, DC 20530 - 202 305-1433


                      CARL SCHANZLEH

                   OFFICIAL COURT REPORTER

                 299 E. BROWARD BLVD., 202B

                  FT. LAUDERDALE, FL 33301

                      954 769-5488

```
 1   APPEARANCES:

 2   FOR THE DEFENDANT:    ROBIN C. ROSEN-EVANS, A.F.P.D.
                           450 AUSTRALIAN AVENUE, SUITE 500
 3                         WEST PALM BEACH, FL 33401
                           561 833-6288
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2                          TABLE OF CONTENTS

3    WITNESSES:                  DIRECT  CROSS REDIRECT RECROSS

4
                          INDEX TO EXHIBITS
5
     EXHIBITS                    MARKED FOR        RECEIVED
6                                IDENTIFICATION   IN EVIDENCE

7    DESCRIPTION              PAGE    LINE    PAGE    LINE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   (FORT LAUDERDALE, BROWARD COUNTY, FLORIDA;  WEDNESDAY,

2   JULY 7, 2010, IN OPEN COURT.)

3           THE COURT:  GOOD MORNING.  PLEASE BE SEATED.

4           CALLING CASE NUMBER 10-80069-CRIMINAL, UNITED STATES

5   OF AMERICA VERSUS GILBERTO JORDAN.

6           COUNSEL, WOULD YOU NOTE YOUR APPEARANCES.

7           MS. LECLAINCHE:  GOOD MORNING, YOUR HONOR.  JANICE

8   LECLAINCHE APPEARING ON BEHALF OF THE UNITED STATES, AND WITH

9   HILLARY DAVIDSON, SENIOR CRIMINAL ATTORNEY, CRIMINAL DIVISION

10  OF THE U.S. DEPARTMENT --

11          THE COURT:  HOLD ON FOR ONE SECOND.

12          THE INTERPRETER:  THANK YOU.

13          EXCUSE ME.  I'M NOT GETTING ANY SOUND.

14          THE COURT:  START OVER.

15          MS. LECLAINCHE:  YES, SIR.

16          THE COURT:  THANK YOU.

17          MS. LECLAINCHE:  GOOD MORNING, YOUR HONOR.  JANICE

18  LECLAINCHE APPEARING ON BEHALF OF THE UNITED STATES FOR THE

19  U.S. ATTORNEY'S OFFICE ALONG WITH HILLARY DAVIDSON, SENIOR

20  TRIAL ATTORNEY, CRIMINAL DIVISION AT THE UNITED STATES

21  DEPARTMENT OF JUSTICE.

22          THANK YOU.

23          THE COURT:  GOOD MORNING.

24          MS. DAVIDSON:  GOOD MORNING.

25          MS. ROSEN-EVANS:  GOOD MORNING, YOUR HONOR.  ROBIN

1    ROSEN-EVANS ON BEHALF OF GILBERTO JORDAN.

2            THE COURT:  GOOD MORNING.

3            LET THE RECORD REFLECT THAT GILBERTO JORDAN IS PRESENT

4    AND IN THE COURTROOM.

5            CAN I HAVE THE COURT INTERPRETER NOTE HER APPEARANCE.

6            THE INTERPRETER:  GOOD MORNING, YOUR HONOR.  CYNTHIA

7    FARRER.

8            THE COURT:  GOOD MORNING.

9            DOES THE DEFENSE HAVE A CHANGE OF PLEA TO ANNOUNCE TO

10   THE COURT?

11           MS. ROSEN-EVANS:  YES, YOUR HONOR.

12           THE COURT:  AND THAT IS?

13           MS. ROSEN-EVANS:  MR. JORDAN WILL BE WITHDRAWING HIS

14   PREVIOUSLY TENDERED PLEA OF NOT GUILTY AND ENTER A PLEA OF

15   GUILTY TO THE SINGLE COUNT INDICTMENT.

16           THE COURT:  ALL RIGHT.  MR. JORDAN, IF YOU WILL STEP

17   UP TO THE PODIUM, PLEASE.

18           IS THERE A WRITTEN PLEA AGREEMENT?

19           MS. ROSEN-EVANS:  NO, THERE IS NOT, YOUR HONOR.

20           THE COURT:  GILBERTO JORDAN, YOU HEARD YOUR LAWYER

21   ANNOUNCE TO THIS COURT THAT YOU WISH TO ENTER A PLEA OF GUILTY

22   TO THE CHARGE CONTAINED IN THE ONE COUNT INDICTMENT OF THE

23   UNITED STATES OF AMERICA VERSUS GILBERTO JORDAN, CASE NUMBER

24   10-80069-CR-ZLOCH OF THE UNITED STATES DISTRICT COURT FOR THE

25   SOUTHERN DISTRICT OF FLORIDA, IS THAT CORRECT?

1    THE DEFENDANT:  YES.

2    THE COURT:  SIR, IT IS YOUR RIGHT TO PLEAD GUILTY TO

3 THE CHARGE CONTAINED IN THAT INDICTMENT.  HOWEVER, BEFORE THE

4 COURT CAN ACCEPT YOUR PLEA OF GUILTY IT IS NECESSARY THAT THE

5 COURT FIND THAT YOUR DECISION TO PLEAD GUILTY IS BEING MADE

6 KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY, AND THAT IT IS NOT

7 THE RESULT OF FORCE, THREATS, PROMISES, COERCION, OR

8 INTIMIDATION APART FROM THE PLEA.

9    FURTHER, THE COURT MUST BE SATISFIED THAT YOU ARE IN

10 FACT GUILTY AND THAT YOU FULLY UNDERSTAND YOUR RIGHTS.

11 THEREFORE, IT WILL BE NECESSARY TO ASK YOU VARIOUS QUESTIONS

12 HERE THIS MORNING.  IF AT ANY TIME YOU DO NOT UNDERSTAND ANY

13 QUESTION THAT I ASK, PLEASE ASK TO HAVE IT REPEATED OR

14 EXPLAINED.

15    IF AT ANY TIME DURING THE QUESTIONING YOU WISH TO TALK

16 PRIVATELY WITH YOUR LAWYER FEEL FREE TO ASK FOR PERMISSION TO

17 DO SO.  DO YOU UNDERSTAND THAT?

18    THE DEFENDANT:  YES.

19    THE COURT:  PLEASE RAISE YOUR RIGHT HAND.

20    (DEFENDANT SWORN)

21    THE DEFENDANT:  YES, I SWEAR.

22    THE COURT:  THANK YOU.

23              EXAMINATION

24 BY THE COURT:

25 Q.  DO YOU UNDERSTAND THAT YOU ARE NOW UNDER OATH, AND THAT THE

 1 | COURT WILL ASK YOU CERTAIN QUESTIONS CONCERNING THE OFFENSE TO
 2 | WHICH YOU ARE PLEADING GUILTY AND THAT IF YOU GIVE FALSE
 3 | ANSWERS THOSE FALSE ANSWERS CAN BE USED AGAINST YOU IN A FUTURE
 4 | PROSECUTION FOR PERJURY OR FALSE SWEARING.  DO YOU UNDERSTAND
 5 | THAT?
 6 | A.  YES.
 7 | Q.  WOULD YOU STATE YOUR FULL LEGAL NAME FOR THE RECORD.
 8 | A.  GILBERTO JORDAN.
 9 | Q.  AND HAVE YOU EVER USED ANY FALSE NAMES?
10 | A.  NO.  NEVER.
11 | Q.  AND WHAT IS YOUR NATIVE LANGUAGE?
12 | A.  SPANISH.
13 | Q.  ARE YOU HAVING ANY DIFFICULTY UNDERSTANDING THE COURT
14 | INTERPRETER?
15 | A.  WHAT WAS THAT?
16 | Q.  ARE YOU HAVING ANY DIFFICULTY UNDERSTANDING THE COURT
17 | INTERPRETER.
18 | A.  NO.  NO.
19 | Q.  AND HOW OLD ARE YOU?
20 | A.  FIFTY-FOUR YEARS OLD.
21 | Q.  AND IN WHAT COUNTRY DID YOU ATTEND SCHOOL?
22 | A.  IN GUATEMALA.
23 | Q.  HOW FAR DID YOU GO IN SCHOOL?
24 | A.  THREE YEARS.  NEARLY THE FOUR YEARS OF SCHOOL.
25 | Q.  ARE YOU TALKING ABOUT COLLEGE OR UNIVERSITY, THREE OR FOUR

1  YEARS --

2  A.  NO.

3  Q.  JUST A TOTAL OF THREE OR FOUR YEARS IN SCHOOLING, IS THAT

4  CORRECT?

5  A.  YES.

6  Q.  WHAT TYPE OF WORK DO YOU DO?

7  A.  I WORK IN A KITCHEN.

8  Q.  AND ARE YOU MARRIED?

9  A.  YES, SIR.

10  Q.  DO YOU HAVE CHILDREN?

11  A.  YES, SIR.

12  Q.  HOW MANY?

13  A.  THREE.

14  Q.  HAVE YOU EVER BEEN TREATED FOR ANY MENTAL ILLNESS IN THE

15  PAST?

16  A.  NO, THANK GOODNESS.

17  Q.  ARE YOU PRESENTLY SUFFERING FROM ANY MENTAL OR EMOTIONAL

18  DISABILITY OR PROBLEM?

19  A.  NO, SIR.

20  Q.  HAVE YOU EVER SUFFERED FROM ANY ADDICTION TO ANYTHING OR

21  ALCOHOL ABUSE?

22  A.  NO, SIR.

23  Q.  ARE YOU TAKING ANY DRUGS, MEDICATIONS, OR PILLS OF ANY

24  KIND?

25  A.  NO, SIR.

1  Q.  HAVE YOU TAKEN ANY DRUGS, MEDICATIONS, OR PILLS OF ANY KIND

2  IN THE PAST 24 HOURS?

3  A.  NO.

4  Q.  NOW, DO YOU UNDERSTAND THE PURPOSE OF THIS HEARING?

5  A.  YES, SIR.

6  Q.  DO YOU UNDERSTAND THAT THE PURPOSE OF THIS HEARING IS FOR

7  YOU, IF YOU WISH TO, BECAUSE IT IS STRICTLY YOUR DECISION, BUT

8  THE PURPOSE OF THIS HEARING IS FOR YOU TO ENTER A PLEA OF

9  GUILTY TO THE CHARGE CONTAINED IN THE ONE COUNT INDICTMENT.  DO

10  YOU UNDERSTAND THAT?

11  A.  YES, SIR.

12  Q.  IS THAT WHAT YOU WISH TO DO?

13  A.  YES, SIR.

14        THE COURT:  MISS EVANS, ARE YOU SATISFIED AS TO YOUR

15  CLIENT'S COMPETENCE TO ENTER A PLEA AT THIS TIME?

16        MS. ROSEN-EVANS:  YES, I AM, YOUR HONOR.

17        THE COURT:  AND, JUST FOR THE RECORD, MISS EVANS,

18  WHENEVER YOU HAVE MET WITH YOUR CLIENT HAS THERE BEEN A SPANISH

19  TRANSLATOR PRESENT?

20        MS. ROSEN-EVANS:  YES, YOUR HONOR.

21  BY THE COURT:

22  Q.  IS THAT CORRECT, MR. JORDAN?

23  A.  YES, SIR.

24  Q.  DO YOU HAVE A COPY OF THE INDICTMENT THERE IN FRONT OF YOU?

25        DO YOU HAVE A COPY OF THE INDICTMENT THERE IN FRONT OF

1  YOU, MR. JORDAN?

2  A.  YES, SIR.

3  Q.  HAS THAT INDICTMENT BEEN READ TO YOU IN ITS ENTIRETY IN

4  SPANISH?

5  A.  YES, SIR.

6  Q.  AND HAS YOUR LAWYER EXPLAINED THE CHARGE TO YOU?

7  A.  YES, SIR.

8  Q.  HAVE YOU TALKED WITH YOUR LAWYER ABOUT THE EVIDENCE THAT

9  THE GOVERNMENT HAS IN THIS CASE?

10 A.  YES, SIR.

11 Q.  AND HAVE YOU TOLD MISS EVANS EVERYTHING YOU DID REGARDING

12 THE CHARGE IN THE INDICTMENT?

13 A.  YES, SIR.

14 Q.  AND HAS MISS EVANS DISCUSSED ALL THOSE POINTS FULLY WITH

15 YOU, HAS SHE EXPLAINED THEM TO YOU, AND HAS SHE GIVEN YOU HER

16 ADVICE AND COUNSEL REGARDING THIS ENTIRE CASE?

17 A.  YES, SIR.

18 Q.  HAVE YOU UNDERSTOOD EVERYTHING YOUR LAWYER HAS SAID TO YOU

19 REGARDING THIS ENTIRE CASE?

20 A.  YES, SIR.

21 Q.  DO YOU THINK THAT YOU HAVE HAD ENOUGH TIME TO DISCUSS THIS

22 CASE FULLY WITH MISS EVANS?

23 A.  YES, SIR.

24 Q.  AND ARE YOU SATISFIED WITH MISS EVANS AND THE WAY THAT SHE

25 HAS REPRESENTED YOU THROUGHOUT THIS ENTIRE MATTER?

1    A.   YES, SIR.

2    Q.   NOW, THE INDICTMENT CHARGES AS FOLLOWS.

3             GENERAL ALLEGATION.

4             ONE.   IN OR AROUND 1982, THE GUATEMALAN MILITARY

5    MAINTAINED AN ELITE SPECIAL FORCES UNIT KNOWN AS THE -- HOW IS

6    THAT PRONOUNCED?

7             MS. ROSEN-EVANS:   KAIBILES.

8             THE COURT:   KAIBILES?

9             MS. ROSEN-EVANS:   YES, YOUR HONOR.

10            THE COURT:   KNOWN AS THE KAIBILES, WHO WERE TRAINED AT

11   A FACILITY LOCATED IN LA POLVORA, EL PETEN, GUATEMALA, KNOWN AS

12   THE KAIBIL SCHOOL.

13            TWO.   IN OR AROUND NOVEMBER 1982, THE GUATEMALAN

14   GUERRILLA GROUP KNOWN AS FUERZAS ARMADAS REVOLUCIONARIAS

15   AMBUSHED A GUATEMALAN MILITARY CONVOY NEAR LAS CRUCES,

16   GUATEMALA, KILLING SOLDIERS AND TAKING THEIR RIFLES.

17            IN RESPONSE, THE GUATEMALAN MILITARY ORDERED A SPECIAL

18   PATROL OF APPROXIMATELY 20 KAIBILES FROM THE KAIBIL SCHOOL TO

19   FIND THE SUSPECTED GUERRILLAS AND RECOVER THE STOLEN WEAPONS.

20   THE SPECIAL PATROL DEPLOYED TO A SMALL VILLAGE NEAR LAS CRUCES

21   NAMED DOS ERRES.   DEFENDANT GILBERTO JORDAN WAS PART OF THIS

22   SPECIAL PATROL.

23            THREE.   ON OR ABOUT DECEMBER 7, 1982, THE SPECIAL

24   PATROL ENTERED DOS ERRES WITH THE SUPPORT OF APPROXIMATELY 40

25   ADDITIONAL KAIBILES WHO CREATED A SECURITY PERIMETER AROUND THE

1  VILLAGE SO THAT NO ONE COULD ENTER OR ESCAPE.  THE MEMBERS OF

2  THE SPECIAL PATROL SEARCHED ALL THE HOUSES FOR THE MISSING

3  WEAPONS, FORCED THE VILLAGERS FROM THEIR HOMES AND SEPARATED

4  THE WOMEN AND CHILDREN FROM THE MEN.  MEMBERS OF THE SPECIAL

5  PATROL INTERROGATED VILLAGERS ABOUT THE GUERRILLAS AND THE

6  STOLEN RIFLES.

7      FOUR.  FOLLOWING THE INTERROGATION, THE SPECIAL PATROL

8  PROCEEDED TO SYSTEMICALLY MURDER THE CIVILIAN MEN, WOMEN, AND

9  CHILDREN AT DOS ERRES BY, AMONG OTHER METHODS, HITTING THEM IN

10  THE HEAD WITH A SLEDGEHAMMER AND THROWING THEM INTO A WELL.

11  MEMBERS OF THE SPECIAL PATROL ALSO FORCIBLE RAPED MANY OF THE

12  WOMEN AND GIRLS AT DOS ERRES BEFORE KILLING THEM.  DEFENDANT

13  GILBERTO JORDAN PARTICIPATED IN THE CRIMES COMMITTED AT

14  DOS ERRES, INCLUDING MURDER.

15      FIVE.  PURSUANT TO THE GUATEMALAN PENAL CODE THAT WAS

16  IN EFFECT IN 1982, A PERSON, QUOTE, "COMMITS MURDER IF THEY

17  KILL A PERSON WITH TREACHERY, WITH PREMEDITATION, WITH CRUELTY,

18  OR WITH THE IMPULSE OF PERVERSE BRUTALITY," CLOSE QUOTE.  UNDER

19  GUATEMALAN LAW, IT IS NO DEFENSE TO CRIMINAL PROSECUTION THAT A

20  PERSON WAS OPERATING UNDER MILITARY ORDERS, IF THE ORDERS,

21  QUOTE, "WERE MANIFESTLY ILLEGAL," CLOSE QUOTE.

22      SIX.  ON OR ABOUT SEPTEMBER 10, 1996, IN PALM BEACH

23  COUNTY, IN THE SOUTHERN DISTRICT OF FLORIDA, THE DEFENDANT,

24  GILBERTO JORDAN, APPLIED TO NATURALIZED AS A UNITED STATES

25  CITIZEN.  SPECIFICALLY, DEFENDANT, GILBERTO JORDAN, SUBMITTED

1  AN APPLICATION FOR A NATURALIZATION, FORM N-400, TO THE PALM

2  BEACH GARDENS, FLORIDA, OFFICE OF THE IMMIGRATION AND

3  NATURALIZATION SERVICE WHICH APPLICATION DEFENDANT GILBERTO

4  JORDAN AFFIRMED UNDER PENALTY OF PERJURY WAS TRUE AND CORRECT.

5       SEVEN.  ON OR ABOUT JULY 19, 1999, IN PALM BEACH

6  COUNTY, IN THE SOUTHERN DISTRICT OF FLORIDA, THE DEFENDANT,

7  GILBERTO JORDAN, APPEARED BEFORE A NATURALIZATION EXAMINER FOR

8  AN INTERVIEW BASED ON HIS FORM N-400 APPLICATION, AT WHICH TIME

9  HE WAS PLACED UNDER OATH AND AFFIRMED UNDER PENALTY OF PERJURY

10  THAT THE STATEMENTS HE HAD EARLIER PROVIDED ON THE N-400 FORM

11  WERE TRUE AND CORRECT.

12       ON AUGUST 25, 1999, THE DEFENDANT GILBERTO JORDAN WAS

13  SWORN IN AS A UNITED STATES CITIZEN IN MIAMI BEACH, FLORIDA.

14       COUNT ONE.

15       EIGHT.  PARAGRAPHS ONE THROUGH SEVEN OF THE GENERAL

16  ALLEGATIONS PORTION OF THIS INDICTMENT ARE INCORPORATED HEREIN

17  BY REFERENCE.

18       NINE.  FROM ON OR ABOUT SEPTEMBER 10, 1996, THROUGH ON

19  OR ABOUT AUGUST 25, 1999, IN PALM BEACH AND MIAMI-DADE

20  COUNTIES, IN THE SOUTHERN DISTRICT OF FLORIDA, AND ELSEWHERE,

21  THE DEFENDANT, GILBERTO JORDAN, KNOWINGLY PROCURED AND OBTAINED

22  FOR HIMSELF NATURALIZATION AS A UNITED STATES CITIZEN WHICH WAS

23  CONTRARY TO LAW AND TO WHICH HE WAS NOT ENTITLED FOR EACH OF

24  THE FOLLOWING REASONS.

25       A.  THE DEFENDANT WAS NOT A PERSON OF GOOD MORAL

1   CHARACTER, AS REQUIRED BY TITLE EIGHT, UNITED STATES CODE,

2   SECTION 1427, AND AS DEFINED BY TITLE EIGHT, UNITED STATES

3   CODE, SECTION 1101(F), IN THAT HE HAD IN HIS APPLICATION FOR

4   NATURALIZATION INTERVIEW ON JULY 19, 1999, GIVEN FALSE

5   TESTIMONY IN ORDER TO OBTAIN BENEFITS UNDER THE IMMIGRATION AND

6   NATURALIZATION ACT, AS FOLLOWS.

7        SMALL I.  THE DEFENDANT STATED THAT HE HAD NEVER,

8   QUOTE, "KNOWINGLY COMMITTED ANY CRIME," CLOSE QUOTE, FOR WHICH

9   HE HAD NOT BEEN ARRESTED, WHEN IN TRUTH AND IN FACT, AND THE

10  DEFENDANT THEN AND THERE KNEW, HE COMMITTED CRIMES, INCLUDING

11  MURDER, FOR WHICH HE HAD NOT BEEN ARRESTED.

12       SMALL DOUBLE I.  THE DEFENDANT DENIED PRIOR MILITARY

13  SERVICE, WHEN IN TRUTH AND IN FACT, AND AS THE DEFENDANT THEN

14  AND THERE KNEW, HE WAS FORMERLY A SOLDIER IN THE GUATEMALAN

15  ARMY AND A MEMBER OF THE KAIBILES.

16       B.  THE DEFENDANT WAS NOT A PERSON OF GOOD MORAL

17  CHARACTER, AS REQUIRED BY TITLE EIGHT, UNITED STATES CODE,

18  SECTION 1427, IN THAT ON OR ABOUT DECEMBER 7, 1982, HE HAD

19  PARTICIPATED IN THE MASSACRE AT THE VILLAGE OF DOS ERRES,

20  GUATEMALA, BY MURDERING AND ASSISTING IN THE MURDER OF UNARMED

21  MEN, WOMEN, AND CHILDREN.

22       C.  THE DEFENDANT PROCURED HIS NATURALIZATION AS A

23  UNITED STATES CITIZEN BY CONCEALMENT OF A MATERIAL FACT AND

24  WILLFUL MISREPRESENTATION, IN VIOLATION OF TITLE 18, UNITED

25  STATES CODE, SECTIONS 1001(A), 1015(A), AND 1546(A), IN THAT ON

1   HIS WRITTEN APPLICATION FOR NATURALIZATION SUBMITTED ON OR

2   ABOUT SEPTEMBER 1O, 1996, AND DURING HIS NATURALIZATION

3   INTERVIEW WITH AN IMMIGRATION OFFICER ON OR ABOUT JULY 19,

4   1999, THE DEFENDANT WILLFULLY MISREPRESENTED HIS PAST MILITARY

5   SERVICE AND PAST CRIMINAL ACTIVITY BY CONCEALING THE FACT -- BY

6   CONCEALING THE FACTS THAT HE HAD SERVED IN THE GUATEMALAN

7   MILITARY AND HAD PARTICIPATED IN THE MASSACRE AT THE VILLAGE OF

8   DOS ERRES, GUATEMALA.

9         ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE,

10   SECTION 1425(A) AND (B).

11         NOTIFICATION OF INTENT TO REVOKE CITIZENSHIP.

12         NOTICE IS HEREBY GIVEN UPON CONVICTION UNDER COUNT ONE

13   ABOVE, THE DEFENDANT'S AUGUST 25, 1999 NATURALIZATION SHALL, BY

14   COURT ORDER, BE REVOKED, SET ASIDE, AND DECLARED VOID, AND THE

15   DEFENDANT'S CERTIFICATE OF NATURALIZATION SHALL, BY THE SAME

16   ORDER, BE CANCELED PURSUANT TO TITLE EIGHT, UNITED STATES CODE,

17   SECTION 1451(E).

18         SIR, DO YOU FULLY UNDERSTAND THAT CHARGE AGAINST YOU?

19   A.   YES, SIR.

20   Q.   DO YOU HAVE ANY QUESTIONS ABOUT IT?

21   A.   NO, SIR.

22   Q.   MR. JORDAN, I HAVE BEFORE ME A SEVEN PAGE DOCUMENT TITLED,

23   "STATEMENT OF STATUTORY PENALTIES, ELEMENTS, AND FACTUAL

24   PROFFER IN SUPPORT OF GUILTY PLEA."  THIS IS A SEVEN-PAGE

25   DOCUMENT PURPORTING TO HAVE YOUR SIGNATURE DATED 7-6-2010.

 1           MR. JORDAN, IS THAT YOUR SIGNATURE ON PAGE SEVEN?

 2   A.  YES, SIR.

 3           THE COURT:  MISS EVANS, YOUR SIGNATURE?

 4           MS. ROSEN-EVANS:  YES, YOUR HONOR.

 5           THE COURT:  AND, MISS DAVIDSON --

 6           MS. DAVIDSON:  YES, YOUR HONOR.

 7           THE COURT:  -- YOUR SIGNATURE?

 8           AND, MISS LECLAINCHE, YOU SIGNED FOR MISS VILLAFANA?

 9           MS. LECLAINCHE:  YES, YOUR HONOR, I DID.

10           THE COURT:  WHO IS HANDLING THIS CASE?

11           MS. LECLAINCHE:  MARRY VILLAFANA.  I HAVE BEEN

12   ASSIGNED TO ASSIST.  I FILED A NOTICE OF APPEARANCE IN THE CASE

13   YESTERDAY, SIR.

14           THE COURT:  ALL RIGHT.  FINE.  THANK YOU.

15   BY THE COURT:

16   Q.  MR. JORDAN, BEFORE YOU SIGNED THIS DOCUMENT, THIS SEVEN

17   PAGE DOCUMENT, WAS IT READ TO YOU IN ITS ENTIRETY IN SPANISH?

18   A.  YES, SIR.

19   Q.  AND BEFORE YOU SIGNED IT DID MISS EVANS EXPLAIN IT TO YOU

20   PARAGRAPH BY PARAGRAPH?

21   A.  YES, SIR.

22   Q.  AND DID SHE HAVE THE ASSISTANCE OF A SPANISH TRANSLATOR?

23   A.  YES, SIR.

24   Q.  AND DID YOU UNDERSTAND EVERYTHING THAT MISS EVANS SAID TO

25   YOU ABOUT THIS DOCUMENT BEFORE YOU SIGNED IT?

1   A.  YES, SIR.

2   Q.  EVERYTHING THAT IS SET FORTH IN THIS DOCUMENT, THIS

3   STATEMENT OF STATUTORY PENALTIES, ELEMENTS, AND FACTUAL PROFFER

4   IN SUPPORT OF GUILTY PLEA, EVERYTHING THAT IS SET FORTH IN THIS

5   DOCUMENT, IS IT TRUTHFUL AND ACCURATE?

6   A.  YES, SIR.

7   Q.  EVERYTHING THAT IS SET FORTH IN THIS DOCUMENT, AND IN

8   PARTICULAR THE FACTUAL PROFFER, DOES IT REPRESENT YOUR CONDUCT,

9   YOUR ACTIONS, WHAT YOU DID REGARDING THIS CHARGE IN THE

10  INDICTMENT?

11  A.  YES, SIR.

12  Q.  YOU KNEW WHAT YOU WERE DOING WHEN YOU COMMITTED THESE ACTS?

13  A.  YES, SIR.

14          THE COURT:  MISS LECLAINCHE, DOES THE GOVERNMENT STAND

15  ON THE FACTUAL PROFFER OR DOES IT HAVE ANY ADDITIONAL FACTS TO

16  PROFFER TO THE COURT?

17          MS. LECLAINCHE:  WE STAND ON OUR FACTUAL PROFFER.

18  THERE ARE NO ADDITIONAL FACTS.

19          THE COURT:  AND, JUST SO THE RECORD IS CLEAR, AT LEAST

20  SOME OF THESE ACTIVITIES TOOK PLACE WHERE?

21          MS. LECLAINCHE:  THE WITH RESPECT TO THE CHARGED

22  OFFENSE, THAT OCCURRED IN PALM BEACH GARDENS, IN THE SOUTHERN

23  DISTRICT OF FLORIDA.  IT RELATES BACK TO ACTS THAT OCCURRED IN

24  GUATEMALA.

25          THE COURT:  CORRECT.  ALL RIGHT.  THANK YOU.

1  BY THE COURT:

2  Q.  MR. JORDAN, THE COURT NOW INFORMS YOU THAT YOU HAVE THE

3  RIGHT TO A SPEEDY AND PUBLIC TRIAL BY A JUDGE OR A JURY, A JURY

4  MADE UP OF 12 CITIZENS OF THE UNITED STATES.

5       YOU HAVE THE RIGHT TO A LAWYER.  YOU HAVE THE RIGHT TO

6  PLEAD NOT GUILTY.  IF YOU WERE TO PLEAD NOT GUILTY THEN THERE

7  WOULD BE A TRIAL.  AT THE TRIAL THE GOVERNMENT WOULD HAVE TO

8  PRODUCE WITNESSES.  YOU AND YOUR LAWYER WOULD HAVE THE RIGHT TO

9  SEE AND HEAR THOSE WITNESSES WHO WOULD TESTIFY AGAINST YOU AND

10 TO CROSS-EXAMINE THEM.

11      YOU WOULD ALSO BE ENTITLED TO CALL WITNESSES AT THE

12 TRIAL TO TESTIFY ON YOUR BEHALF IF YOU WISHED TO DO SO.

13 FURTHER YOU, YOURSELF, COULD TESTIFY AT THE TRIAL IF YOU WISHED

14 TO DO SO.  HOWEVER, YOU COULD NOT BE FORCED OR COMPELLED TO

15 TESTIFY, NOR COULD YOU BE FORCED OR COMPELLED TO INCRIMINATE

16 YOURSELF, BUT RATHER THE GOVERNMENT WOULD HAVE TO PROVE THAT

17 YOU WERE GUILTY BEYOND A REASONABLE DOUBT.

18      NOW, HAVE YOU UNDERSTOOD EVERYTHING THAT I HAVE

19 EXPLAINED TO YOU SO FAR?

20 A.  YES, SIR.

21 Q.  DO YOU HAVE ANY QUESTIONS ABOUT ANYTHING?

22 A.  NO, SIR.

23 Q.  DO YOU UNDERSTAND, HOWEVER, THAT IF YOUR PLEA OF GUILTY IS

24 ACCEPTED HERE TODAY THAT WILL YOU LOSE, YOU WILL GIVE UP ALL OF

25 THE RIGHTS THAT I HAVE JUST EXPLAINED TO YOU EXCEPT FOR YOUR

1   RIGHT TO A LAWYER?

2   A.   YES, SIR.

3   Q.   DO YOU ALSO UNDERSTAND THAT A PLEA OF GUILTY ADMITS THE

4   TRUTH OF THE CHARGE WHILE A PLEA OF NOT GUILTY DENIES THE

5   CHARGE?

6   A.   YES, SIR.

7   Q.   DO YOU UNDERSTAND THAT IF YOUR PLEA OF GUILTY IS ACCEPTED

8   HERE TODAY THAT THERE WILL NOT BE ANY FURTHER TRIAL OF ANY

9   KIND, AND THE COURT WILL SIMPLY ENTER A FINDING AND JUDGMENT OF

10   GUILTY HERE THIS MORNING BASED ON YOUR PLEA AND ALL THAT WILL

11   REMAIN AT A LATER POINT IN TIME WILL BE SENTENCING.  DO YOU

12   UNDERSTAND THAT?

13   A.   YES, SIR.

14   Q.   NOW, ARE YOU PRESENTLY ON PROBATION, PAROLE, OR SUPERVISION

15   FROM ANY OTHER CRIMINAL CASE HERE IN THE UNITED STATES?

16   A.   NO, SIR.

17   Q.   SIR, THE COURT NOW INFORMS YOU OF THE MAXIMUM STATUTORY

18   PENALTY WHICH THE LAW COULD IMPOSE FOR THE OFFENSE TO WHICH YOU

19   ARE PLEADING GUILTY, AND THAT IS AS FOLLOWS.

20         THE COURT CAN IMPOSE A MAXIMUM TERM OF IMPRISONMENT OF

21   1O YEARS, WITH ANY PERIOD OF IMPRISONMENT FOLLOWED BY A TERM OF

22   SUPERVISED RELEASE NOT TO EXCEED THREE YEARS.  THE COURT CAN

23   ALSO IMPOSE A MAXIMUM FINE OF $250,OOO.  THE COURT CAN ALSO

24   IMPOSE -- EXCUSE ME.  THE COURT MUST IMPOSE A MANDATORY SPECIAL

25   ASSESSMENT OF $100.  THE COURT CAN ALSO ORDER RESTITUTION, AND

1   THE COURT MUST REVOKE AND CANCEL YOUR NATURALIZED CITIZENSHIP.

2   DO YOU UNDERSTAND THAT?

3   A.  YES, SIR.

4   Q.  DO YOU TENDER YOUR PLEA FULLY REALIZING THAT YOU MIGHT

5   RECEIVE THE MAXIMUM PENALTY OF WHICH I HAVE JUST INFORMED YOU?

6   A.  YES, SIR.

7   Q.  DO YOU UNDERSTAND THAT BY ENTERING YOUR PLEA OF GUILTY IT

8   COULD RESULT IN YOUR BEING DEPORTED OR REMOVED FROM THE UNITED

9   STATES AS WELL?

10  A.  YES, SIR.

11  Q.  HAVE YOU BEEN FORCED IN ANY WAY BY ANYBODY AT ANY TIME TO

12  ENTER YOUR PLEA?

13  A.  NO, SIR.

14  Q.  HAVE THERE BEEN ANY THREATS, FORCE, PRESSURE, COERCION, OR

15  INTIMIDATION EXERTED UPON YOU TO CAUSE YOU TO PLEAD GUILTY?

16  A.  NO, SIR.

17  Q.  I NOW WANT TO COVER WITH YOU WHAT WE CALL THE ADVISORY

18  FEDERAL SENTENCING GUIDELINES.

19          FIRST OF ALL, DO YOU UNDERSTAND THAT THERE EXISTS

20  SENTENCING GUIDELINES?

21  A.  YES, SIR.

22  Q.  BEFORE COMING HERE TODAY HAVE YOU DISCUSSED WITH YOUR

23  LAWYER THE GENERAL CONCEPT OF THE SENTENCING GUIDELINES?

24  A.  I WAS TALKING WITH HER YESTERDAY ABOUT ALL OF THAT.

25  Q.  AND WITH RESPECT TO THE GUIDELINES DO YOU UNDERSTAND THAT

1  THE COURT IS BOUND TO CONSIDER THE GUIDELINES REGARDING ANY

2  SENTENCE THAT I IMPOSE UPON YOU, BUT I AM NOT BOUND TO FOLLOW

3  THEM.  DO YOU UNDERSTAND THAT?

4  A.  YES, SIR.

5  Q.  THAT MEANS, FOR EXAMPLE, THAT I CAN IMPOSE A SENTENCE

6  WITHIN THE GUIDELINE RANGE, I CAN IMPOSE A SENTENCE HIGHER THAN

7  THE HIGH END OF THE GUIDELINE RANGE, NEVER HIGHER THAN 1O

8  YEARS, OR I CAN IMPOSE A SENTENCE LOWER THAN THE LOW END OF THE

9  GUIDELINE RANGE.  DO YOU UNDERSTAND THAT?

10  A.  YES, SIR.

11  Q.  AND, AS I HAVE ALREADY SAID, YOU CAN NEVER RECEIVE A TERM

12  OF IMPRISONMENT GREATER THAN 1O YEARS.  DO YOU UNDERSTAND THAT?

13  A.  YES, SIR.

14  Q.  DO YOU UNDERSTAND THAT YOU WILL NOT BE ALLOWED TO WITHDRAW

15  YOUR GUILTY PLEA SOLELY BECAUSE OF ANY LAWFUL SENTENCE THAT THE

16  COURT IMPOSES?

17  A.  YES, SIR.

18  Q.  DO YOU HAVE ANY PRIOR CONVICTIONS HERE IN THE UNITED

19  STATES?

20  A.  I JUST HAD A DUI.  THAT'S IT.

21  Q.  DO YOU UNDERSTAND THAT AT THE TIME OF SENTENCING YOU WILL

22  NOT BE ALLOWED TO WITHDRAW YOUR GUILTY PLEA SOLELY BECAUSE OF

23  ANY RULING OR DECISION THAT THE COURT MIGHT HAVE TO MAKE AT THE

24  TIME OF SENTENCING, EVEN IF THAT RULING OR DECISION IS AGAINST

25  YOU OR ADVERSE TO YOU?  DO YOU UNDERSTAND THAT?

```
 1   A.  YES, SIR.

 2   Q.  DO YOU UNDERSTAND THAT BOTH YOU AND THE GOVERNMENT HAVE THE

 3   RIGHT TO APPEAL ANY SENTENCE THAT THE COURT IMPOSES?

 4   A.  YES, SIR.

 5   Q.  DO YOU UNDERSTAND THAT HERE IN THE FEDERAL SYSTEM IN THE

 6   UNITED STATES THAT PAROLE, WHAT WE USE TO CALL PAROLE, PAROLE

 7   NO LONGER EXISTS.  THEREFORE, IF YOU ARE SENTENCED TO PRISON

 8   YOU WILL NOT BE RELEASED EARLY ON PAROLE AND ANY PERIOD OF

 9   IMPRISONMENT WILL BE THE ACTUAL AMOUNT OF TIME THAT YOU WILL

10   SERVE LESS ONLY A MINOR REDUCTION FOR ANY GOOD TIME EARNED AND

11   AWARDED.  DO YOU UNDERSTAND THAT?

12   A.  YES, SIR.

13           THE COURT:  NOW, THERE IS NO WRITTEN PLEA AGREEMENT,

14   IS THAT CORRECT, MISS LECLAINCHE?

15           MS. LECLAINCHE:  THAT IS CORRECT, SIR.

16   BY THE COURT:

17   Q.  MR. JORDAN, EVEN THOUGH THERE IS NO WRITTEN PLEA AGREEMENT,

18   DO YOU KNOW OF ANY AGREEMENTS, OR UNDERSTANDINGS, OR PROMISES,

19   OR REPRESENTATIONS BETWEEN YOURSELF, YOUR LAWYER, AND ANYONE

20   FROM THE UNITED STATES GOVERNMENT THAT HAVE NOT BEEN TOLD TO

21   ME, THAT HAVE NOT BEEN BROUGHT TO MY ATTENTION.  ARE THERE ANY?

22   A.  NO, SIR.

23           THE COURT:  MISS EVANS, ARE THERE ANY?

24           MS. ROSEN-EVANS:  NO, YOUR HONOR.

25           THE COURT:  MISS LECLAINCHE?
```

```
 1              MS. LECLAINCHE:  NONE THAT I'M AWARE OF.
 2    BY THE COURT:
 3    Q.  MR. JORDAN, HAVE YOU UNDERSTOOD EVERYTHING THAT I HAVE
 4    EXPLAINED TO YOU HERE THIS MORNING?
 5    A.  YES, SIR.
 6    Q.  DO YOU HAVE ANY QUESTIONS ABOUT ANYTHING?
 7    A.  NO, SIR.
 8    Q.  IS THERE ANYTHING THAT YOU WOULD LIKE TO DISCUSS PRIVATELY
 9    WITH YOUR LAWYER BEFORE WE CONTINUE?
10    A.  NO, SIR.
11    Q.  DO YOU THINK THAT YOU HAVE A FULL UNDERSTANDING OF ALL OF
12    YOUR LEGAL RIGHTS?
13    A.  YES, SIR.
14    Q.  UNDERSTANDING YOUR LEGAL RIGHTS AND HAVING BEEN ADVISED OF
15    THE POTENTIAL CONSEQUENCES OF A PLEA OF GUILTY, DO YOU STILL
16    WISH TO ENTER YOUR PLEA OF GUILTY TO THE CHARGE CONTAINED IN
17    THE ONE COUNT INDICTMENT?
18    A.  YES, SIR.
19    Q.  IS YOUR DECISION TO PLEAD GUILTY BEING MADE KNOWINGLY,
20    VOLUNTARILY AND INTELLIGENTLY?
21    A.  YES, SIR.
22              THE COURT:  MISS EVANS, YOU HAVE DISCUSSED THE CHARGE
23    IN THE INDICTMENT FULLY WITH YOUR CLIENT?
24              MS. ROSEN-EVANS:  YES, I HAVE, YOUR HONOR.
25              THE COURT:  YOU HAVE GIVEN YOUR CLIENT THE BENEFIT OF
```

1  YOUR ADVICE AND COUNSEL REGARDING THE CHARGE TO WHICH HE

2  INTENDS TO PLEAD GUILTY?

3       MS. ROSEN-EVANS:  YES, I HAVE, YOUR HONOR.

4       THE COURT:  BASED ON YOUR OBSERVATIONS HAS YOUR CLIENT

5  UNDERSTOOD YOUR COUNSELING AND ADVICE?

6       MS. ROSEN-EVANS:  YES, HE HAS, YOUR HONOR.

7       THE COURT:  AND ARE YOU SATISFIED AS TO YOUR CLIENT'S

8  GUILT REGARDING THE CHARGE IN THE INDICTMENT?

9       MS. ROSEN-EVANS:  I AM SATISFIED THAT THE GOVERNMENT

10  COULD PROVE THE ALLEGATION CONTAINED IN THE INDICTMENT.

11       THE COURT:  DO YOU JOIN IN YOUR CLIENT'S DECISION TO

12  PLEAD GUILTY?

13       MS. ROSEN-EVANS:  I SUPPORT MY CLIENT'S DECISION IF

14  THAT'S WHAT HE WANTS TO DO.

15  BY THE COURT:

16  Q.  MR. JORDAN, ARE YOU PLEADING GUILTY TO THE CHARGE IN THE

17  INDICTMENT BECAUSE YOU DID IN FACT COMMIT THE ACTS THAT ARE

18  CHARGED IN THE INDICTMENT?

19  A.  YES, SIR.

20  Q.  ARE YOU PLEADING GUILTY BECAUSE YOU ARE IN FACT GUILTY OF

21  THE CRIME CHARGED IN THE INDICTMENT?

22  A.  YES, SIR.

23  Q.  GILBERTO JORDAN, HOW DO YOU PLEAD TO THE CHARGE IN THIS ONE

24  COUNT INDICTMENT, GUILTY OR NOT GUILTY?

25  A.  COULD YOU REPEAT THAT, PLEASE?  I'M SORRY.

1  Q.  HOW DO YOU PLEAD TO THE CHARGE IN THIS ONE COUNT

2  INDICTMENT, GUILTY OR NOT GUILTY?

3  A.  GUILTY.

4  THE COURT:  THE COURT FINDS THAT GILBERTO JORDAN IS

5  NOW ALERT AND INTELLIGENT, THAT HE UNDERSTANDS THE NATURE OF

6  THE CHARGE AGAINST HIM, APPRECIATES THE CONSEQUENCES OF

7  PLEADING GUILTY, UNDERSTANDS THE POSSIBLE PENALTIES AND FULLY

8  UNDERSTANDS HIS RIGHTS.

9  THE COURT ALSO FINDS THAT THE FACTS THAT THE

10  GOVERNMENT IS PREPARED TO PROVE AT TRIAL AND WHICH BY HIS PLEA

11  THE DEFENDANT ADMITS ARE SUFFICIENT TO SUSTAIN THE PLEA, AND

12  THAT THE EVIDENCE WHICH THE GOVERNMENT IS PREPARED TO PRESENT

13  CONTAINS ALL OF THE ELEMENTS OF THE CRIME.

14  THE COURT ALSO FINDS THAT MR. JORDAN'S DECISION TO

15  PLEAD GUILTY IS BEING MADE KNOWINGLY, VOLUNTARILY AND

16  INTELLIGENTLY, AND IS NOT THE RESULT OF FORCE, THREATS,

17  PROMISES, COERCION, OR INTIMIDATION APART FROM THE PLEA, AND

18  THAT HE HAS HAD THE ADVICE AND COUNSELED OF A FINE LAWYER WITH

19  WHOM HE SAYS HE IS SATISFIED.

20  THE PLEA OF GUILTY WILL BE ACCEPTED.

21  THE COURT FINDS GILBERTO JORDAN GUILTY OF THE OFFENSE

22  CHARGED IN THIS ONE COUNT INDICTMENT AND DOES ADJUDGE HIM

23  GUILTY AT THIS TIME.

24  THE PROBATION OFFICE IS DIRECTED TO CONDUCT A

25  PRESENTENCE INVESTIGATION OF MR. JORDAN AND SUBMIT A REPORT OF

1  SAME TO THE COURT.

2          SENTENCING WILL BE HELD IN THIS MATTER ON SEPTEMBER

3  17, 2010 AT TEN A.M. HERE IN COURTROOM A AT THE UNITED STATES

4  COURTHOUSE IN FORT LAUDERDALE.

5          MS. ROSEN-EVANS:  JUDGE, I HAVE A PROBLEM.  I AM

6  SCHEDULED FOR SURGERY ON SEPTEMBER 17TH, AND I AM GOING TO

7  BE --

8          THE COURT:  THAT IS ALL RIGHT.  YOU DO NOT NEED TO GO

9  ANY FURTHER.  JUST FILE THE APPROPRIATE MOTION.

10          MS. ROSEN-EVANS:  IF THE COURT WOULD LIKE I CAN DO IT

11  ON THE 16TH.  OTHERWISE I AM GOING TO BE OUT OF POCKET FOR

12  ABOUT EIGHT WEEKS, SIX WEEKS.

13          THE COURT:  ALL RIGHT.  JUST FILE THE APPROPRIATE

14  MOTION --

15          MS. ROSEN-EVANS:  OKAY.

16          THE COURT:  -- SO THAT WE HAVE A PAPER TRAIL.

17          MS. ROSEN-EVANS:  OKAY.

18          THE COURT:  AND JUST REFERENCE THAT IN YOUR MOTION.

19          MS. ROSEN-EVANS:  I WILL.  THANK YOU, YOUR HONOR.

20          THE COURT:  SURE.

21          I HAVE A -- MR. JORDAN IS IN CUSTODY, CORRECT?

22          MS. ROSEN-EVANS:  NO, YOUR HONOR, HE IS ON BOND.

23          MS. LECLAINCHE:  HE IS ON BOND, YOUR HONOR.

24          THE COURT:  HOW DID HE GET BOND?

25          MS. ROSEN-EVANS:  THE GOVERNMENT AGREED TO A $100,000

1    PERSONAL SURETY BOND, YOUR HONOR.  MR. JORDAN HAS COMPLIED WITH

2    ALL THE CONDITIONS OF HIS RELEASE.

3          THE COURT:  AFTER THESE ALLEGATIONS?  JUST LET HIM

4    HAVE BOND.

5          SO WHAT IS THE GOVERNMENT DOING?

6          MS. LECLAINCHE:  AS FAR AS REMAND, YOUR HONOR?

7          THE COURT:  WELL, YES.  WHAT DO YOU SAY ABOUT THAT?

8          MS. LECLAINCHE:  ONE MOMENT.

9          MS. LECLAINCHE:  EXCUSE ME YOUR HONOR.

10         THE COURT:  THAT IS ALL RIGHT.  TAKE YOUR TIME.

11         MS. LECLAINCHE:  YES.  I HAVE DISCUSSED WITH

12   CO-COUNSEL AND WITH THE AGENT FROM IMMIGRATION AND

13   NATURALIZATION, AND NOW THAT THE DEFENDANT HAS BEEN FOUND

14   GUILTY OF THIS CRIME WE WOULD ASK FOR A REMAND.

15         THE COURT:  MISS EVANS, DO YOU WANT TO SAY ANYTHING?

16         MS. ROSEN-EVANS:  JUDGE, THIS IS TOTALLY UNEXPECTED.

17   THE GOVERNMENT NEVER INDICATED THAT THEY WERE GOING TO BE

18   SEEKING REMAND.

19         MR. JORDAN HAS BEEN VERY COOPERATIVE WITH THE

20   GOVERNMENT.  HE SAT THROUGH ABOUT SIX HOURS OF DEBRIEFINGS AND

21   HE HAS COMPLIED WITH ALL OF THEIR REQUESTS.  HE HAS COMPLIED

22   WITH ALL OF THE REQUESTS OF PRETRIAL RELEASE.

23         HE'S GOT A HOME, A WIFE WHO IS HERE, A JOB.  HE IS NOT

24   A FLIGHT RISK.  HE DOES NOT HAVE HIS PASSPORT ANYMORE.  HE

25   UNDERSTANDS FULL WELL WHAT HE IS FACING, AND HE HAS NEVER

1    ATTEMPTED TO FLEE THE JURISDICTION OF THE COURT.

2            HE IS NOT A DANGER TO THE COMMUNITY, IN THAT HE HAS

3    COMMITTED NO CRIMINAL OFFENSES EXCEPT THE DUI SINCE HE HAS BEEN

4    IN THIS COUNTRY FOR I THINK IT'S OVER 25 YEARS.  SO I WOULD ASK

5    THE COURT TO ALLOW HIM TO REMAIN OUT ON BOND UNTIL HIS

6    SENTENCING, AT WHICH TIME HE -- HE UNDERSTANDS HE WILL BE

7    REMANDED.

8            THE COURT:  BUT IT IS HIS PAST THAT BRINGS HIM HERE.

9            MS. ROSEN-EVANS:  THAT IS CORRECT, YOUR HONOR.

10           THE COURT:  SO WHAT DO YOU SAY ABOUT THAT?  JUST NO

11   BIG DEAL?

12           MS. ROSEN-EVANS:  NO, JUDGE, YOU ARE NOT GOING TO HEAR

13   ME SAY THAT.

14           THE COURT:  SO WHAT DO YOU SAY ABOUT IT THEN?

15           MS. ROSEN-EVANS:  WHAT CAN I SAY, JUDGE?  I MEAN, THIS

16   IS SOMETHING THAT HE HAS TO DEAL WITH, AND AT THE TIME OF

17   SENTENCING I WILL MAKE -- I WILL ALLOCUTE TO YOU AS TO WHAT I

18   THINK THE APPROPRIATE SENTENCE IS.  IN TERMS OF BOND I DON'T

19   BELIEVE HE IS A DANGER TO THE COMMUNITY --

20           THE COURT:  NOT A DANGER TO THE COMMUNITY?

21           MS. ROSEN-EVANS:  BASED UPON --

22           THE COURT:  AFTER THESE ALLEGATIONS?

23           MS. ROSEN-EVANS:  BASED UPON THE FACTS THAT HE HAS NOT

24   COMMITTED ANY ADDITIONAL CRIMES.

25           THE COURT:  HOW MANY MORE DOES HE HAVE TO COMMIT AFTER

1  THIS INCIDENT?  HOW MANY MORE HEADS HAVE TO BE SMASHED IN?  HOW

2  MANY MORE WOMEN NEED TO BE RAPED.  HOW MANY MORE PEOPLE SHOT?

3  HOW MANY?

4         MS. ROSEN-EVANS:  JUDGE, I THINK THAT HE IS HERE --

5  OBVIOUSLY THE COURT WILL HAVE TO CONSIDER, AND SHOULD CONSIDER

6  THE CONDUCT THAT YOU HAVE JUST DESCRIBED.  THERE IS ALSO --

7         THE COURT:  THAT IS WHAT BRINGS US HERE.

8         MS. ROSEN-EVANS:  THAT'S TRUE.  BUT THAT'S NOT THE

9  ONLY THING THAT THE COURT WILL NEED TO CONSIDER.  THE COURT

10  WILL NEED TO CONSIDER EVERYTHING ELSE ABOUT HIS LIFE IN

11  DETERMINING WHAT'S THE APPROPRIATE SENTENCE IS.

12         THE COURT:  WELL, HE MIGHT HAVE BEEN A PILLAR OF

13  SOCIETY BACK IN GUATEMALA.  SO WHY DIDN'T THAT PREVENT HIM FROM

14  ENGAGING IN THE CONDUCT THAT HE ENGAGED IN?  I MEAN, THIS

15  SOUNDS LIKE A MASS MURDERER, WOULD YOU AGREE WITH THAT?

16         MS. ROSEN-EVANS:  I THINK MANY PEOPLE WERE KILLED.

17         THE COURT:  AND, SO YOU WOULD HAVE NO PROBLEM WITH

18  MR. JORDAN LIVING NEXT DOOR TO YOU AND YOUR CHILDREN.

19         MS. ROSEN-EVANS:  I WOULDN'T BE AFRAID OF HAVING

20  MR. JORDAN LIVING NEXT DOOR TO ME, YOUR HONOR, BASED ON MY

21  CONTACT WITH HIM AND WHAT HIS CONDUCT HAS BEEN SINCE HE HAS

22  BEEN IN THIS COUNTRY.

23         THE COURT:  WHAT DO YOU THINK SOCIETY WOULD SAY ABOUT

24  THAT?  NO BIG DEAL?

25         MS. ROSEN-EVANS:  NO, JUDGE.  I AM NOT SAYING THAT AT

1   ALL.  I AM STRICTLY DEALING WITH THE ISSUE OF THE BOND, AND I

2   THINK HE HAS SHOWN THAT HE IS NOT A FLIGHT RISK AND THAT HE HAS

3   NOT COMMITTED ANY NEW CRIMES SINCE HE HAS BEEN IN THE UNITED

4   STATES.  THEREFORE -- AND THE GOVERNMENT HAD NO PROBLEM WITH

5   THE $100,000 PERSONAL SURETY BOND.  AT THE TIME HE MADE HIS

6   FIRST APPEARANCE MAGISTRATE SET THE BOND --

7           THE COURT:  WHO SET THE BOND?

8           MS. ROSEN-EVANS:  IF I MAY HAVE A MOMENT?

9           THE COURT:  MISS LECLAINCHE, YOU DIDN'T -- PLEASE TELL

10  ME YOU DID NOT HANDLE THE BOND HEARING.

11          MS. LECLAINCHE:  NO, SIR.

12          MS. ROSEN-EVANS:  I CAN TELL YOU WHO SIGNED THE BOND,

13  YOUR HONOR.

14          WELL, JUDGE, I HAVE -- I CAN'T TELL YOU WHETHER OR NOT

15  IT WAS JUDGE HOPKINS OR NOT BECAUSE IT IS NOT SIGNED IN MY

16  COPY.

17          MS. LECLAINCHE:  YES, SIR, IT WAS JUDGE HOPKINS, BUT

18  APPARENTLY THERE WAS AN AGREEMENT BY THE GOVERNMENT.

19          THE COURT:  WERE THESE AGENTS AT THE HEARING?

20          THE AGENT:  I WAS THERE, SIR.

21          MS. LECLAINCHE:  AGENT JOHN LONGO FROM IMMIGRATION.

22  THERE WERE SOME CIRCUMSTANCES CONSIDERED IN REACHING THAT

23  DECISION TO OFFER A BOND.

24          THE COURT:  WELL, I AM NOT ASKING YOU,

25  MISS LECLAINCHE, TO DEFEND THE ACTION BECAUSE YOU WERE NOT

1 INVOLVED IN IT BUT DO YOU KNOW WHAT THE GOVERNMENT'S REASONING

2 WAS?

3 MS. LECLAINCHE:  IT HAD TO DO -- I THINK MAYBE WE

4 SHOULD GO SIDEBAR.  IT HAD TO DO WITH POTENTIAL IMPACTS THAT

5 THIS DEFENDANT COULD HAVE ON OTHER CASES WITH THE GOVERNMENT.

6 THE COURT:  YOU MEAN COOPERATION.

7 MS. LECLAINCHE:  YES.

8 THE COURT:  I AM GOING TO REVOKE MR. JORDAN'S BOND

9 BASED ON THE NATURE AND CIRCUMSTANCES OF THE FACTS THAT BRING

10 MR. JORDAN BEFORE US TODAY.  THE COURT FINDS THAT HE IS A

11 DANGER TO THE COMMUNITY SO I WILL REVOKE HIS BOND AND HE WILL

12 BE REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

13 I HAVE A NOTICE OF SENTENCING DATE WHICH I WOULD LIKE

14 TO HAVE EXECUTED BY BOTH MISS EVANS AND MR. JORDAN.

15 I ALSO HAVE A COPY OF ADMINISTRATIVE ORDER 95-2 FOR

16 THE GOVERNMENT AND FOR THE DEFENSE.

17 ANYTHING ELSE FROM THE GOVERNMENT?

18 ANYTHING ELSE FROM THE GOVERNMENT?

19 MS. LECLAINCHE:  ONE MOMENT PLEASE.

20 YOUR HONOR, I'M SORRY.  I WAS FOLLOWING CLOSELY ALONG,

21 BUT JUST DURING THE PLEA COLLOQUY I AM JUST UNCERTAIN WHETHER

22 WE ADDRESSED THE FACT THAT THE DEFENDANT COULD LOSE CERTAIN

23 RIGHTS IF --

24 THE COURT:  I COVERED DEPORTATION IF THAT IS WHAT YOU

25 ARE WONDERING.

1          MS. LECLAINCHE:  JUST THE RIGHT TO HOLD PUBLIC OFFICE,

2    THE RIGHT TO POSSESS FIREARMS, THOSE RIGHTS.

3          THE COURT:  I DO NOT COVER THOSE.

4          MS. LECLAINCHE:  ALL RIGHT.  THAT'S THE ONLY THING

5    THAT I NOTICED.

6          THANK YOU, SIR.  I HAVE NO OTHER --

7          THE COURT:  ANYTHING ELSE FROM THE DEFENSE?

8          MS. ROSEN-EVANS:  NO, YOUR HONOR.

9          THE COURT:  ALL RIGHT, COUNSEL, THANK YOU VERY MUCH

10   FOR YOUR EFFORTS.  THE COURT APPRECIATES THEM.

11         MR. JORDAN, YOU ARE REMANDED TO THE CUSTODY OF THE

12   UNITED STATES MARSHALL.

13         THE COURT IS IN RECESS IN THIS MATTER UNTIL THE TIME

14   OF SENTENCING.

15         THANK YOU, MADAM INTERPRETER.

16                          - - -

17

18

19

20

21

22

23

24

25

```
 1

 2

 3                    C E R T I F I C A T E

 4

 5

 6  UNITED STATES OF AMERICA

 7  SOUTHERN DISTRICT OF FLORIDA

 8

 9

10        I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE UNITED

11  STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, DO

12  HEREBY CERTIFY THAT THE FOREGOING 32 PAGES CONSTITUTE A TRUE

13  TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE THE SAID COURT HELD IN

14  THE CITY OF FORT LAUDERDALE, FLORIDA, IN THE MATTER THEREIN

15  STATED.

16        IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS

17  15TH DAY OF JULY 2010.

18

19                              /S/CARL SCHANZLEH
                                CARL SCHANZLEH, RPR-CM
20                              OFFICIAL FEDERAL COURT REPORTER
                                299 EAST BROWARD BLVD., 202B
21                              FORT LAUDERDALE, FL  33301
                                TELEPHONE 954/769-5488
22

23

24

25
```